# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3021 | **DATE** | 5/25/2011 |
| **CASE TITLE** | Michael G Easter vs. Robert Gary, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby dismissed and Plaintiff's motion for leave to proceed in forma pauperis [4] is denied as moot.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Michael Easter's (Easter) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Easter filed a *pro se* complaint in the instant action alleging that there were proceedings in the "Domestic Relation Division" in Illinois state court in 2003, regarding the custody of Easter's minor children (Custody Proceedings). (Compl. 1-6); (Compl. Exbs). Easter also references subsequent attempts by him to reopen the Custody Proceedings in 2006. (Compl. 2). In addition, Easter makes references to a bankruptcy action which entailed a "bankruptcy stay" in 2010. (Compl. 2). Easter requests "a declaration relief from forceful opposition, including the determination of the construction, [sic] of the statute, a judgment or order with a [sic] injunction [sic] would terminate this controversy giving rise to the proceeding . . . ." (Compl. 9). Easter also argues that there was a "due process violation" by Defendant Robert Gary (Gary), who was apparently an appointed "standby guardian" in the Custody Proceedings. (Compl. 7). Easter also contends that Defendant Dana M. Thomas (Thomas), who was apparently a government attorney, was involved in the Custody Proceedings and, "by

| STATEMENT |
|---|
| disguises. . .conspire[d] with the Defendants to deceit [sic] Plaintiff. . . ." (Compl. 12, 21). Easter also appears to accuse Thomas of aiding and abetting child abduction. (Compl. 13). Easter also seeks a declaration that his "right's [sic] was [sic] violated by the Circuit Court of Cook County Illinois Domestic Relation Division and" Gary and Thomas. (Compl. 21). Easter also seeks, among other relief, $5,000,000 from each of Thomas and Gary. (Compl, 21). Easter has failed to state any valid claim for relief. To the extent that Easter seeks to appeal the rulings in any of the state court proceedings referenced in his complaint, this is not the proper forum in which to seek such an appeal. To the extent that Easter is dissatisfied with the results in any state court proceedings, such dissatisfaction does not provide a basis for a valid claim in this court. In addition, Easter has not alleged facts that plausibly suggest any violation of his federal constitutional rights that can be properly adjudicated by this court. Therefore, the instant action is dismissed and the instant motion is denied as moot. |